IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DTX ENERGY CAPITAL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:19-CV-1478-G-BH |
| | § | |
| AMEGY BANK OF TEXAS, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant's Rule 12(b)(5) and 12(b)(6) Motion to Dismiss Plaintiff's Complaint*, filed June 27, 2019 (doc. 6). Based upon the relevant filings and applicable law, the motion to dismiss should be **GRANTED in part,** and the case should be **DISMISSED without prejudice**.

**I. BACKGROUND**

On May 31, 2019, Jason David Hopper, Chief Executive Officer (CEO) of DTX Energy Capital, L.P. (Plaintiff), filed this *pro se* action on its behalf against Amegy Bank of Texas (Defendant) in the 14th District Court of Dallas County, Texas. (*See* doc. 1-5 at 1.)[2] He alleged that Defendant "violated the Financial Modernization Act of 1999, also known as the Gramm-Leach-Bliley Act." (*See* doc. 1 at 1; doc. 1-5 at 2.) Defendant removed the case to federal court on June 21, 2019, on the basis of both federal question and diversity jurisdiction. (*See id.* at 2.)

An order dated June 24, 2019, specifically advised the *pro se* CEO that he could not

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

represent Plaintiff, an artificial entity, in this action:

> Here, it appears that the plaintiff's *pro se* CEO is not a licensed attorney, so he may not represent the artificial entity plaintiff. It must appear through licensed counsel within twenty-one (21) days from the date of this order. If licensed counsel has not entered an appearance on behalf of the artificial entity plaintiff within that time, it will be recommended that its claims be dismissed without further notice.

(*See* doc. 4.) Three days later, on June 27, 2019, Defendant moved to dismiss this action on grounds that the complaint failed to state a claim upon which relief may be granted, that Plaintiff was required to be represented by licensed counsel, and that it had not been properly served with process. (*See* doc. 5; doc. 6 at 4-6.)

Well over twenty-one days since the date of the June 24, 2019 order have passed, and no counsel has entered an appearance on behalf of Plaintiff.

## II. INVOLUNTARY DISMISSAL OF PLAINTIFF'S CLAIMS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 54-56 (5th Cir. 1982). The rationale for this long-standing rule applies equally to "all artificial entities," such as partnerships and associations. *Rowland*, 506 U.S. at 202. Even if the person seeking to represent the artificial entity is its president and major stockholder or has some other close association with it, the only proper representative is a licensed attorney. *See Southwest*

*Exp. Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56 (5th Cir. 1982); *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981). When this type of party declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Memon*, 385 F.3d at 873; *Donovan,* 736 F.2d at 1005.

Here, Plaintiff was specifically advised that it could only be represented by licensed counsel in this action, and that the lack of an entry of appearance by counsel on its behalf within twenty-one days would result in a recommendation that its claims be dismissed. Defendant subsequently moved to dismiss this action, in part, on this same basis. Because no attorney has entered an appearance on behalf of Plaintiff in this case, and its CEO may not represent it *pro se*, Defendant's motion to dismiss the complaint on this ground should be granted.[3]

### III. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED IN PART**, and Plaintiff's claims should be **DISMISSED** without prejudice, unless licensed counsel enters an appearance on its behalf within the fourteen-day time for filing objections to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 23rd day of September, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]Because the complaint is subject to dismissal on this basis, it is unnecessary to reach Defendant's remaining arguments for dismissal.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE